**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 22, 2007**

**FOR THE TENTH CIRCUIT**

JOHN BAXTER HAMILTON,

      Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,

      Respondent-Appellee.

No. 06-6212
(D.C. No. 04-CV-1392)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

---

Pursuant to 28 U.S.C. § 2253(c), petitioner-appellant John Baxter

Hamilton, an Oklahoma state prisoner appearing with counsel, is seeking a

certificate of appealability (COA) to appeal the order entered by the district court

denying his petition under 28 U.S.C. § 2254 for a writ of habeas corpus.  To

obtain a COA, petitioner must make "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, petitioner

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation omitted). We conclude that petitioner has failed to make the showing necessary to obtain a COA. We therefore deny his application for a COA and dismiss this appeal.

In December 2001, petitioner was convicted by a jury in the District Court of Oklahoma County of first degree murder in connection with the death of his wife, Susan Hamilton, and he was sentenced to life in prison without the possibility of parole. Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his conviction. Petitioner did not seek post-conviction relief in state court.

The evidence that was presented at petitioner's trial is thoroughly summarized in the magistrate judge's lengthy report and recommendation. *See* Aplt. App., Tab 4 at 59-62, 64-66. We will assume a working familiarity with the detailed background facts set forth in the magistrate judge's report and recommendation, and we will not repeat those facts here.

At petitioner's trial, Tom Bevel, a former police officer with the Oklahoma City Police Department and a nationally recognized expert in the areas of bloodstain pattern analysis and crime scene reconstruction, testified as an expert witness on behalf of petitioner. In his testimony, Mr. Bevel addressed the opinions that had been presented in the prosecution's case-in-chief by its

bloodstain expert, Ross Gardner, and he also testified about "a couple of areas" that Mr. Gardner had "missed." *Id.*, Tab 19 at 2455. The magistrate judge summarized the pertinent expert witness testimony in this case as follows:

> The State presented an expert on bloodstain-pattern analysis, attempting to reconstruct the events surrounding Susan Hamilton's death. From the bloodstains on Petitioner's left shoe, Ross Gardner opined that Petitioner was likely present during the spatter event, i.e. when Susan Hamilton was killed. He opined that the stains were not likely the result of an attempt at cardiopulmonary resuscitation. Petitioner's expert on blood spatter evidence offered other possible explanations for the allegedly incriminating blood stains. On cross-examination, however, Petitioner's expert, Tom Bevel, opined that certain of the stains, those on Petitioner's shirt sleeve, were most consistent with Petitioner's involvement in the murder.

*Id.*, Tab 4 at 62 (footnote omitted); *see also id.* at 66 (summarizing Mr. Bevel's trial testimony, and noting that he testified on re-cross "that although other scenarios were possible, in his opinion none of the scenarios proffered were more probable than Petitioner striking his wife").

In his application for a COA,[1] petitioner asserts that "[t]he issues in this case concern a breakdown in the adversary process created by the testimony of 'defense' expert Tom Bevel, and his opinion the blood on the inside of John Hamilton's shirt sleeve was most likely the result of John Hamilton striking his wife in the head with a blunt instrument." COA App. at 2. Specifically, as set

---

[1] On September 12, 2006, petitioner filed an application for a COA in this court. Previously, in June 2006, the district court entered an order denying the separate application for a COA that petitioner filed in that court.

-3-

forth in his supporting brief, petitioner is asserting two claims as part of his application for a COA. First, petitioner argues that he received ineffective assistance from his trial counsel as a result of counsel's decision to have Mr. Bevel testify as an expert witness. According to petitioner, "[d]efense counsel's decision to utilize Bevel in light of his relationship with the State and the devastating opinions he offered at trial was objectively unreasonable." Aplt. Br. at 19. Second, petitioner argues that he received ineffective assistance from his trial counsel due to counsel's failure to put forth exculpatory expert witness testimony to counter the state's forensic case and its bloodstain expert. Petitioner claims that "compelling expert witness testimony was available which would have undermined the State's forensic case," and he argues that his trial counsel's "[f]ailure to discover and present this evidence and blind reliance on Bevel's objectivity denied [him] effective assistance of counsel." *Id.*

Petitioner asserted both of his ineffective assistance claims in the district court proceedings.[2] Applying the standards set forth in 28 U.S.C. § 2254(e)(2), the magistrate judge granted petitioner's request for an evidentiary hearing with

---

[2] Petitioner also asserted two additional claims below. First, petitioner claimed that he received ineffective assistance from his trial counsel because Mr. Bevel participated in improper communications with members of the prosecution team and/or the Oklahoma City Police Department. Second, petitioner claimed that the OCCA upheld his conviction by fashioning a rule that penalized him for testifying in his own defense. Petitioner has abandoned both of these claims in this appeal, however, *see* COA App. at 3 nn.1-2, and we therefore do not need to consider them.

-4-

respect to his ineffective assistance claims, and a one-day evidentiary hearing was held before the magistrate judge. Among other witnesses, petitioner's trial counsel testified at the hearing. Although Mr. Bevel did not testify at the hearing, his sworn deposition testimony in a related civil case was submitted to the court. Following the hearing, the magistrate judge filed a thirty-three page report and recommendation, recommending to the district court that petitioner's habeas petition be denied. In accordance with the magistrate judge's recommendation, the district court subsequently entered an order denying petitioner's request for habeas relief on both of his ineffective assistance claims. We review the district court's rulings de novo. *See United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) ("A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo.").

As correctly noted by the magistrate judge, the federal courts have a "'secondary and limited' role in reviewing state court rulings through a petition for a writ of habeas corpus." Aplt. App., Tab 4 at 62 (quoting *Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998)). As the magistrate judge explained:

> For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413; see also Wiggins v. Smith, 539 U.S. 510, 520 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. Williams, 529 U.S. at 410-11; Brown v. Payton, [544 U.S. 133, 141] (2005) (erroneous or incorrect application of Supreme Court precedent by the state court must be objectively unreasonable).

*Id.* at 62-63.

In its decision in petitioner's direct appeal, the OCCA addressed the merits of both of petitioner's ineffective assistance claims. *See* Aplt. App., Tab 2 at 25, 28-31. The OCCA also identified the correct governing legal principles for analyzing claims for ineffective assistance of counsel under the Sixth Amendment (as applied to the states through the Fourteenth Amendment), as the court applied the principles set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 29. In addition, petitioner is not arguing that the OCCA erred because it was faced with a set of facts that were materially indistinguishable from a decision of the Supreme Court, but nevertheless arrived at a different result. Accordingly, the only question we must resolve is whether

-6-

the district court correctly determined that the OCCA did not unreasonably apply the principles set forth in *Strickland*.

"In order to establish a successful claim for ineffective assistance of counsel, [petitioner] must show (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense, depriving him of a fair trial with a reliable result." *Orange*, 447 F.3d at 796 (citing *Strickland*, 466 U.S. at 687). "Because [petitioner] must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Id.* at 796-97 (citation omitted). Here, the OCCA found that petitioner's trial counsel's performance was not deficient. *See* Aplt. App., Tab 2 at 31 n.44. Consequently, the OCCA did "not reach *Strickland's* prejudice inquiry." *Id.*

To establish that his trial counsel's performance was deficient, petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (quotation omitted). In deciding whether this showing has been made, we "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct*." *Strickland*, 466 U.S. at 690 (emphasis added); *accord Richie v. Mullin*, 417 F.3d 1117, 1120 (10th Cir. 2005) ("[D]ecisions alleged to be deficient must not be viewed in a vacuum; the court must assess such actions from the vantage point of counsel at the time of their making and with all relevant facts in mind."). Moreover, "[r]eview of

counsel's performance under the first prong of the *Strickland* test is highly

deferential." *Barkell*, 468 F.3d at 689. As a result,

> [C]ounsel is strongly presumed to have rendered adequate assistance
> and made all significant decisions in the exercise of reasonable
> professional judgment. To be deficient, the performance must be
> outside the wide range of professionally competent assistance.
> Counsel's decisions are presumed to represent sound trial strategy;
> [f]or counsel's performance to be constitutionally ineffective, it must
> have been completely unreasonable, not merely wrong.

*Id.* (quotations and citations omitted).

We agree with the district court's conclusion that the OCCA did not

unreasonably apply the principles set forth in *Strickland* when it denied relief on

petitioner's claims for ineffective assistance of counsel. Thus, with regard to

petitioner's claim that he received ineffective assistance from his trial counsel as

a result of counsel's decision to have Mr. Bevel testify, we deny petitioner's

request for a COA for substantially the same reasons set forth in the magistrate

judge's well-reasoned report and recommendation. *See* Aplt. App., Tab 4

at 73-82. Specifically, we agree with the following analysis of the magistrate

judge:

> As set forth above, at the time of Petitioner's trial, [his trial] counsel
> believed that Mr. Bevel would not opine that "the most likely" cause
> of the blood spatter on Petitioner's sleeve was his involvement in his
> wife's murder, if that information was "stumbled" on by the
> prosecution during cross-examination. Counsel believed that
> Mr. Bevel would opine that the stain was consistent with either
> Petitioner's involvement or innocent interaction, without saying
> which was more probable. Accordingly, when counsel elected to call
> Mr. Bevel as a witness they had no knowledge that his testimony

-8-

would be inconsistent with Petitioner's defense, despite having conducted adequate inquiry. . . . The undersigned cannot conclude that utilizing a witness after asking the pertinent questions, conducting the necessary investigation, and receiving answers consistent with the theory of defense fell below an objective standard of reasonableness. . . . Because counsel's actions were not objectively unreasonable, Petitioner has failed to establish that the application of Strickland by the Oklahoma Court of Criminal Appeals was unreasonable. . . .

To the extent the petition can be construed as arguing that any ineffective performance by Mr. Bevel should be imputed to trial counsel, the claim must fail as well. The Constitution does not entitle a criminal defendant to the effective assistance of an expert witness. . . . The United States Supreme Court has never recognized a right to the effective assistance of expert witnesses distinct from the right to effective counsel.

Id. at 78-80 (footnotes and citations omitted).

With regard to petitioner's claim that he received ineffective assistance from his trial counsel because counsel failed to procure a more favorable bloodstain expert, we likewise deny petitioner's request for a COA for substantially the same reasons set forth in the magistrate judge's report and recommendation. Id. at 82-85. In particular, we agree with the following analysis of the magistrate judge and the OCCA:

Petitioner asserts that trial counsel's performance was deficient because counsel failed to retain a different blood spatter expert whose opinions would have contradicted those offered by the State's expert and Mr. Bevel. In support of his request for an evidentiary hearing before the Oklahoma Court of Criminal Appeals, Petitioner included the affidavit of an expert he contends should have been called, John T. Wilson. . . .

In rejecting this claim on direct appeal the Oklahoma Court of Criminal Appeals again applied <u>Strickland</u>. Opinion, p. 24, n.44.

> Finally, in his supplementary materials, Appellant presents the affidavit of another bloodstain expert who concludes that, from his review of the evidence, it is impossible to determine whether or not Appellant was present when his wife was killed. Appellant contends that trial counsel was ineffective for not marshaling this evidence before trial to rebut Gardner's conclusions. The fact that Appellant was able to find a more favorable expert opinion after trial does not mean trial counsel was ineffective for having consulted with a different expert before trial. . . . As noted above, Appellant concedes that counsel's initial choice of Bevel was sound. When counsel undertakes reasonable investigation using qualified experts, we will not gauge his performance by the outcome of the expert's conclusions or testimony. Appellant's trial counsel was not ineffective.

Opinion, p. 24 (footnotes omitted). Nothing in the Oklahoma Court of Criminal Appeals' decision is contrary to <u>Strickland</u> nor was it an unreasonable application thereof.

*Id.* at 83 (citations omitted).

Petitioner's application for a COA is DENIED and this matter is

DISMISSED.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk

-10-