**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO JOSE MONTES-FELIX,

Defendant-Appellant.

No. 02-2242
(D.C. No. CR-01-39 JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Mario Jose Montes-Felix appeals the sentence imposed following his

plea of guilty to one count of possession with intent to distribute 50 grams or more of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2. We dismiss the appeal for lack of jurisdiction.

In his plea agreement, defendant waived the right to appeal his sentence if it was within the applicable Guidelines range. At the plea hearing, the district court engaged the defendant in a Rule 11 colloquy to ensure his plea was entered knowingly and voluntarily. Defendant stated he understood that he was waiving the right to appeal his sentence if the district court sentenced him within the Guidelines range. The presentence report found that defendant was a leader and organizer in the underlying criminal offense and recommended a four-level sentence enhancement pursuant to U.S.S.G. § 3B1.1(a). Defendant objected, arguing there was insufficient evidence to find he was a leader or organizer. The district court overruled defendant's objection, adopted the recommendation, and sentenced defendant to 210 months' imprisonment, the low end of the Guidelines range.

On appeal, defendant contends "[t]he waiver provision [in his] plea agreement is contrary to public policy, fundamentally unfair, unconscionable, and unenforceable," Aplt. Br. at 7, and that he did not knowingly and voluntarily waive his right to appeal the four-level sentence enhancement "based on the government's erroneous characterization of him as a leader or organizer of the criminal activity." Id. at 12.

Defense counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers appeal to be wholly frivolous to advise

2

court of that fact, request permission to withdraw from case, and submit brief referring to portions of record that arguably support appeal). As required, a copy of the Anders brief was provided to defendant. Pursuant to our duty under Anders, we have conducted an independent review of the record.

"A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001). "If Defendant's waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal. We do, however, have jurisdiction to determine our jurisdiction." United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000) (internal citations omitted).

We reject defendant's broad attack on the validity and enforceability of appellate waivers. With certain exceptions not applicable here, we generally enforce such waivers. See Elliott, 264 F.3d at 1173. Indeed, we have acknowledged that our circuit has been "more deferential to . . . broad waiver-of-appeal provisions" in plea agreements than some other courts. United States v. Black, 201 F.3d 1296, 1301 n.3 (10th Cir. 2000). Moreover, having reviewed the transcript of the district court's Rule 11 colloquy with defendant, we conclude defendant entered his guilty plea knowingly and voluntarily. Defendant argues he did not "knowingly and voluntarily waive[] the right to appeal the legality of the four level increase in his sentence." Aplt. Br. at 14. However, in the plea agreement, defendant specifically agreed not to appeal the determination of the court in

3

resolving any contested sentencing factor.  We will hold defendant to the terms of his plea agreement.

We DISMISS defendant's appeal for lack of jurisdiction.  We grant counsel's motion to withdraw.

Entered for the Court

Mary Beck Briscoe
Circuit Judge