**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 5, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARIO JOSE MONTES-FELIX,

      Defendant-Appellant.

No. 05-2205
(D.C. Nos. CIV-05-411 JC and
CR-01-39 JC)
(New Mexico)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Mario Montes-Felix, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2255 petition, *see* 28 U.S.C. § 2253(c)(1). He also seeks to proceed *in forma pauperis* (ifp) on appeal.[1] Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(c), we conclude jurists of reason would not find debatable the district court's rejection of Mr. Montes-Felix's petition for relief. We therefore

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.

[1]Because Mr. Montes-Felix is proceeding *pro se*, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

deny his application for a COA.  We also deny his request to proceed *ifp*.

Mr. Montes-Felix pled guilty to a charge of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  On direct appeal, he unsuccessfully challenged the district court's calculation of his sentence.  *See United States v. Montes-Felix*, 74 Fed. Appx. 870 (10th Cir. 2003).  He subsequently filed a petition in district court under 28 U.S.C. § 2255, alleging his sentence violated *United States v. Booker*, 543 U.S. 220 (2005).  The district court dismissed the petition, concluding the *Booker* claim was barred on collateral review.  The court then denied Mr. Montes-Felix's application to proceed *ifp* on appeal, ruling that the application lacked any "reasoned, non-frivolous argument in law or fact."  Rec., doc. 6.

A COA should issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Based on our review of the record on appeal and Mr. Montes-Felix's submissions to our court, we do not think jurists of reason would find debatable the district court's dismissal of Mr. Montes-Felix's petition.  *Booker* does not apply retroactively on collateral review.  *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir.

2005).[2]  Moreover, because Mr. Montes-Felix has not raised "a reasoned,

nonfrivolous argument on the law and the facts in support of the issues raised on

appeal," *MacIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997),

we also deny his request to proceed *ifp*.

Having **DENIED** Mr. Montes-Felix's request for COA and his request to

proceed *ifp*, we **DISMISS** the appeal.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[2]Mr. Montes-Felix raises two additional arguments.  First, he appears to assert the district court erroneously engaged in a blanket denial of a COA before he even requested one.  He posits his case should therefore be remanded to the district court for an individualized assessment of his claims prior to that court denying him the right to proceed on appeal.  To the contrary, the district court clearly identified that Mr. Montes-Felix sought habeas relief for an alleged violation of his constitutional rights pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and then clearly articulated its reasons for denying that claim.  Because that was the only claim, the court was not required to provide a separate analysis of why Mr. Montes-Felix had failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(a)(2).

Mr. Montes-Felix also raises an ineffective assistance of counsel argument for the first time on appeal.  Because he failed to present this claim to the district court, we deem it waived.  *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).