**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDALL ZUNIE,

    Defendant-Appellant.

No. 08-2125

(D. of N.M.)

(D.C. Nos. 1:07-CV-00671-WJ-CG
and 1:03-CR-01453-WJ-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

    Randall Zunie is a federal prisoner serving a ten-year sentence for assault resulting in serious bodily injury, a violation of 18 U.S.C. §§ 113(a)(6) and 1153. We affirmed his convictions on direct appeal in *United States v. Zunie*, 444 F.3d 1230 (10th Cir. 2006). Proceeding pro se, he now seeks a certificate of appealability (COA) to challenge the district court's denial of his motion to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  The district

court denied all of Zunie's claims and his subsequent request for a COA.

We agree Zunie is not entitled to relief under § 2255 and therefore DENY

his request for a COA.

## I.  Background

The more detailed facts of this case are set forth in our earlier opinion,

*Zunie*, 444 F.3d 1230, therefore we only briefly summarize the pertinent issues.

In 2003, Zunie, after becoming intoxicated late one evening, drove his vehicle

recklessly and caused a head-on collision.  Because he seriously injured the three

occupants of the other vehicle, he was charged and convicted with the federal

offense of assault resulting in serious bodily injury (under the Indian Major

Crimes Act, 18 U.S.C. § 1151 et seq.).

When sentencing Zunie, the trial court adopted the factual findings of the

pre-sentence report (PSR) that calculated his base offense level at fifteen.  The

PSR added an additional eight levels under the United States Sentencing

Guidelines because one of the victims had sustained permanent injuries and

because Zunie had made false statements to police.  Because of the gravity of the

offense and the victims' injuries, the district court departed upwards fifteen levels

from the recommended level of twenty-three, meaning Zunie faced a sentencing

---

[1]  Because Zunie proceeds pro se, we construe his pleadings liberally.
*United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994).

range of 235 to 293 months. However, because the statutory maximum for the underlying offense was only 120 months, the court sentenced him to that maximum.[2] We affirmed the sentence on appeal.

Zunie then filed a § 2255 motion to vacate the sentence and conviction in federal district court. In particular, he alleged ineffective assistance of counsel and constitutional errors in sentencing. The district court denied the motion and his subsequent request for a COA, finding the sentencing issues were procedurally barred and lacked merit, and that he had failed to overcome the presumption of effective assistance of counsel. Zunie now seeks a COA from this court on substantially similar grounds.[3]

## II. Discussion

Before a district court's denial of a motion for relief pursuant to § 2255 may be appealed, either the district court or this court must issue a COA. 28 U.S.C. § 2255(c)(1)(B). To obtain a COA, a petitioner must make a "substantial

---

[2] The trial court also imposed an alternative sentence of 120 months in the event the Guidelines were later determined to be unconstitutional.

[3] As an initial matter, Zunie asserts the district court erroneously failed to specifically enumerate its reasons for denying his COA. However, the district court stated it was adopting the magistrate judge's proposed findings and recommended disposition that clearly articulated the reasons for denying Zunie's § 2255 motion. The district court was not required to provide a separate analysis of why Zunie had failed to make the necessary showing under § 2253(c)(2). *See United States v. Montes-Felix*, 186 F. App'x 839, 840 n.2 (10th Cir. July 5, 2006). Also, Zunie separately appeals the denial of his § 2255 motion and the denial of a COA. We treat his appeals as a combined application to this court for a COA. *United States v. Gordon*, 172 F.3d 753, 753–54 (10th Cir. 1999).

showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In order to satisfy this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In reviewing a denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

Zunie has failed to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). First, he argues the trial court committed constitutional *Booker*[4] error by imposing a fifteen-level enhancement to his sentence. Because we already resolved this issue on direct appeal, *Zunie*, 444 F.3d at 1236–38, Zunie may not raise it again in a § 2255 petition. *See Warner*, 23 F.3d at 291; *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

Second, Zunie argues the trial court imposed an illegal sentence. To the extent this argument mirrors his *Booker* claim, we already addressed it in his direct appeal and decline to do so again. He additionally contends the trial court improperly imposed an "additional punishment" of three years of supervised release over and above the statutory maximum term. With minor exceptions not

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

applicable here, we generally do not address arguments presented for the first time on appeal. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002); *Oyler v. Allenbrand*, 23 F.3d 292, 299 n.8 (10th Cir. 1994). Consequently, because Zunie failed to raise this contention in his § 2255 motion before the district court, we decline to address it in this appeal.

Finally, Zunie contends his Sixth Amendment right to effective assistance of counsel was violated. When a petitioner claims ineffective assistance of counsel, it is a mixed question of law and fact which we review de novo. *Orange*, 447 F.3d at 796. To prevail on an ineffective assistance of counsel claim, the petitioner must show his attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, for an attorney's performance to be considered deficient, a petitioner must show that, considering all the circumstances, "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (stating counsel's performance "must have been completely unreasonable, not merely wrong" (quotation omitted)). A strong presumption prevails that counsel provided effective assistance and the petitioner has the burden of proof to overcome that presumption. *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Second, to demonstrate that the attorney's performance was prejudicial, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Such reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.* A claim of ineffective assistance of counsel "may be resolved on either performance or prejudice grounds alone." *Kennedy*, 225 F.3d at 1197. Finally, conclusory assertions are insufficient to establish ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

According to Zunie, his attorney failed to properly present a *Blakely*[5] argument and failed to investigate his assertion he was not the driver of the vehicle at the time of the collision. We have reviewed Zunie's briefs and appellate record and find, for substantially the same reasons as contained in the magistrate judge's proposed findings and recommended disposition, he has failed to overcome the presumption his attorney provided effective assistance and has not shown prejudice.[6] As to the *Blakely* argument, Zunie contends his trial counsel should have continued to raise objections to the judge-imposed sentencing enhancement under the Guidelines. Zunie's counsel, however, did

---

[5] *Blakely v. Washington*, 542 U.S. 296 (2004).

[6] The district court adopted the magistrate judge's findings and recommendation in its April 4, 2008 Order.

object and stated "what we need to have is the jury doing the fact-finding as opposed to the judge." R., Vol. I, at 78; *id.* at 205–06. We find his counsel's failure to continue to raise this argument repeatedly during sentencing was not objectively unreasonable. Similarly, Zunie's attorney did investigate his contention that another individual was driving his truck at the time of the collision and concluded this avenue was "fruitless." *Id.* at 207. Zunie makes no particularized allegations in his motion or appeal and his merely conclusory assertions his attorney failed to investigate and introduce possible exculpatory evidence are meritless and therefore not sufficient to establish ineffective assistance of counsel.

### III. Conclusion

For the foregoing reasons, Zunie has not made a substantial showing of the denial of a constitutional right and we DENY his request for a COA and DISMISS this appeal. We further DENY Zunie's motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge