NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0650n.06

No.  12-4425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 18, 2013*
DEBORAH S. HUNT, Clerk

ABDEL HAKIM AMER SAID YASIN,            )
                                         )
        Petitioner,                      )
                                         )
v.                                       )
                                         )       ON PETITION FOR REVIEW
ERIC H. HOLDER, JR., Attorney General,  )       FROM THE UNITED STATES
                                         )       BOARD OF IMMIGRATION
        Respondent.                      )       APPEALS


BEFORE:  SILER and COLE, Circuit Judges; DOWD, District Judge.[*]


PER CURIAM.  Abdel Hakim Amer Said Yasin petitions this court for review of an order

of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ)

denial of his application for asylum, withholding of removal, and protection under the Convention

Against Torture (CAT).

Yasin was born in Iraq on July 8, 1993, to an Iraqi mother and a Jordanian father, giving him

dual citizenship.  Yasin's mother, Husnya Nasir, is a Shia Muslim, but Yasin identifies as a Sunni

Muslim, like his father.  Yasin's father returned to Jordan shortly after his birth, and his parents

divorced.  Yasin and Nasir lived with Nasir's sister and her family in a Sunni neighborhood in

Baghdad, Iraq.  In 2003, after Nasir's sister and her husband received threats because of his work

with the United States Army, Yasin and Nasir moved, first to another Sunni neighborhood and then

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District
of Ohio, sitting by designation.

to a Shia neighborhood. In 2004, Yasin and his mother left Iraq for Amman, Jordan. Yasin's uncle was killed in 2005 after they moved to Jordan.

On July 26, 2007, Yasin entered the United States as a non-immigrant visitor for pleasure with authorization to remain for a temporary period. Nasir followed a few months later and obtained lawful permanent resident status. Yasin filed an application for asylum, withholding of removal, and CAT protection. In his amended application, Yasin asserted that his uncle was killed for working with the United States Army, that his mother was threatened and harassed in Sunni neighborhoods for being Shia, and that both he and his mother were threatened and harassed in Shia neighborhoods because he is Sunni and because she married a Sunni. If he returned to either Iraq or Jordan, Yasin claimed, he could be attacked, persecuted, discriminated against, or even killed because of the tensions between Iraq and Jordan, between Iraq and the United States, and between Sunni and Shia Muslims.

The Department of Homeland Security subsequently initiated removal proceedings against Yasin by serving him with a notice to appear, charging him with removal under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as a non-immigrant who has remained in the United States for a time longer than permitted. Yasin appeared before an IJ, admitted the factual allegations contained in the notice to appear, and conceded removability as charged. After an evidentiary hearing, the IJ denied Yasin's application for asylum, withholding of removal, and CAT protection and ordered his removal to Iraq or, in the alternative, Jordan. The BIA dismissed Yasin's appeal.

Yasin timely petitioned this court for review of the BIA's order. Where, as here, "the BIA . . . issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination. To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citation omitted).

An asylum applicant bears the burden of proving refugee status by demonstrating either past persecution or a well-founded fear of persecution on account of a protected ground. 8 C.F.R. § 1208.13(a)-(b); *see Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). We review the agency's factual determination as to whether an asylum applicant qualifies as a refugee for substantial evidence. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Yasin contends that the BIA erred in affirming the IJ's finding that he was firmly resettled in Jordan before coming to the United States and is therefore ineligible for asylum from Iraq. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 1208.15. Yasin did not contest the IJ's finding of firm resettlement in his brief to the BIA. Because Yasin did not exhaust his administrative remedies with respect to the IJ's finding of firm resettlement, we lack jurisdiction to consider the issue. *See* 8 U.S.C. § 1252(d)(1); *Hasan v. Ashcroft*, 397 F.3d 417, 420 (6th Cir. 2005); *Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004).

Regardless, substantial evidence supports the administrative finding that Yasin failed to demonstrate past persecution or a well-founded fear of persecution in either Iraq or Jordan. Yasin

testified that he was teased in Iraq because his mother is Shia. In Jordan, Yasin's classmates bullied him because he is Iraqi and because his mother is Shia and beat him up if he said anything back. The bullying and minor beatings that Yasin suffered in Iraq and Jordan do not constitute persecution. *See Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005) (holding that "conduct . . . must go beyond what might reasonably be characterized as mere harassment in order to rise to the level of persecution"). Yasin testified that, if he returns to Iraq, he will be killed because his uncle, with whom he was close, was killed for working with the United States Army and for being Sunni. There was no evidence that Yasin was ever threatened because of his relationship with his uncle. *See Akhtar v. Gonzales*, 406 F.3d 399, 406 (6th Cir. 2005). Yasin is also afraid that he will be kidnapped for money by Iraqis who think that his family members are rich because they live in the United States. Yasin offered only speculation of possible persecution in Iraq – not "reasonably specific information showing a real threat of individual persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (internal quotation marks omitted). Yasin testified that he fears returning to Jordan because he does not know anyone there and does not have any money to support himself. As the BIA and IJ pointed out, Yasin's fears about returning to Jordan are not based on a protected ground. The denial of Yasin's application for asylum from Iraq and Jordan is supported by substantial evidence.

Yasin's brief does not address his claims for withholding of removal and CAT protection. Yasin has therefore waived those claims. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

For the foregoing reasons, we deny Yasin's petition for review.