NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0042n.06

No. 13-3218

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 16, 2014
DEBORAH S. HUNT, Clerk

DELFINO ESCALANTE-HERNANDEZ,                )
                                            )
        Petitioner,                         )
                                            )
    v.                                      )    ON PETITION FOR REVIEW
                                            )    FROM THE UNITED STATES
                                            )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,      )    APPEALS
                                            )
        Respondent.                         )
                                            )
                                            )
_____     )

BEFORE:  CLAY and ROGERS, Circuit Judges, and LUDINGTON, District Judge[*]

ROGERS, Circuit Judge.  Delfino Escalante-Hernandez seeks review of a final order from the Board of Immigration Appeals affirming the denial of his claim for withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A).  Relief is not warranted, however, because Escalante has not shown actual or threatened persecution based on his status as an indigenous veteran of the Guatemalan military.

Escalante is an indigenous Mayan who was forcibly conscripted into the Guatemalan military to fight in his country's civil war.  He saw live combat, and, on two occasions, he was tied to a bed by his superiors and severely beaten.  According to Escalante, this abuse occurred for the "pure pleasure of the sergeants."

_____

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

After completing a thirty-month tour of duty, Escalante returned to his village. Located in a so-called "red zone," the village was heavily sympathetic to the guerrilla forces. Escalante was unwelcome. He later reported that "everyone looked at [him] with hate," and that "unknown people" said that he might be attacked because of his military service. Nonetheless, Escalante's sole physical confrontation in Guatemala following his military discharge was an encounter with an intoxicated guerrilla who mocked and threatened him. Escalante avoided injury by running away from the individual.

Although Escalante later testified that he was unaware of any physical harm befalling the other military veterans in his village, he stated that he was sufficiently concerned about threats to his own person that he eventually moved to a town thirty to forty-five minutes away. Once there, however, he continued to feel unsafe. Eventually, he left Guatemala to enter the United States. He later explained his decision to emigrate by saying that the guerrillas, many of whom had joined gangs, had wanted to harm him. In addition, he said that Guatemala had become increasingly violent.

In 2008, after serving a one-day sentence in an Ohio county jail, Escalante came to the attention of the Department of Homeland Security. Soon after the Department instituted removal proceedings against him, Escalante applied for asylum, withholding of removal, and protection under the Convention Against Torture. An immigration judge denied these applications. The Board of Immigration Appeals affirmed the decision and dismissed Escalante's appeal, concluding with respect to the withholding claim that Escalante had failed to establish actual or threatened

persecution based on his status as an indigenous veteran of the Guatemalan military. Escalante

petitions this court for review of the Board's order, challenging only the Board's denial of his

petition for withholding of removal.

Under the Act, "a decision that an alien is not eligible for admission to the United States is

conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C). A court of appeals applies

the substantial evidence standard to its review of the Board's factual findings, reversing only if the

evidence "not only supports a contrary conclusion, but indeed *compels* it." *Klawitter v. I.N.S.*, 970

F.2d 149, 152 (6th Cir. 1992). In this case, the standard is not met because substantial evidence

supports the Board's conclusions that Escalante failed to establish actual or threatened persecution.

First, the beatings Escalante received in the military did not constitute persecution, because

they occurred for no reason other than the sadistic pleasure of Escalante's superiors. Under the

withholding statutes, sadistic pleasure does not establish persecution because mistreatment that is

not tied to a protected ground does not constitute persecution, *see Jungic v. Holder*, 476 F. App'x

598, 604 (6th Cir. 2012), and sadistic pleasure is not a protected ground.

Military beatings that may constitute persecution typically bear a stronger relationship to a

petitioner's membership in a protected group. For example, in *Duarte de Guinas v. I.N.S.*, the Ninth

Circuit determined that an abused soldier had been persecuted because of his indigenous status. 179

F.3d 1156, 1159–60 (9th Cir. 1999). There was testimony that military officers had singled out the

petitioner and other indigenous soldiers for beatings, calling them "Indian pigs," a "bunch of

chickens," "sons of bitches," and "traitors to the fatherland." *Id*. at 1160. Escalante, by contrast, has provided no comparable link between the beatings he received and his Mayan identity.

Second, substantial evidence supports the Board's determination that Escalante was not persecuted after he left the Guatemalan military. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Japarkulova v. Holder*, 615 F.3d 696, 699 (6th Cir. 2010)(internal quotations removed). The harassment Escalante experienced was not persecution because it never graduated to specific threats or physical punishments, and, as we have previously held, persecution "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005). Contrary to Escalante's arguments, expressed hatred and similar forms of harassment do not constitute persecution. *See Yasin v. Holder*, 530 F. App'x. 466, 468 (6th Cir. 2013) (addressing the issue in an asylum claim). Moreover, because Escalante has not identified a single incident in which he suffered physical injuries as a result of his status as a Mayan veteran of the Guatemalan military, he has shown even less compelling evidence of persecution than petitioners who failed to satisfy their burdens under the asylum and withholding laws. For example, in *Nicholas-Bartolome v. Holder*, we held that a petitioner had not established persecution partly because he had testified about just *one* incident in which he had been beaten. 480 F. App'x. 818, 825 (6th Cir. 2012).

Finally, the record does not compel the conclusion that Escalante faces a clear probability of future persecution because of his status as an indigenous member of the Guatemalan military.

Escalante is not entitled to a presumption of future mistreatment because he has not established prior persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i). Accordingly, to qualify for withholding of removal, he must demonstrate that it is more likely than not that his life or freedom will be threatened if he returns to Guatemala. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Vincent v. Holder*, 632 F.3d 351, 354 (6th Cir. 2011). He must also establish a nexus between that threat and his status as an indigenous veteran of the Guatemalan military. *Id*.

Escalante has not satisfied these requirements. Nothing in the record establishes that indigenous Mayans or former members of the military are persecuted in Guatemala. Moreover, Escalante testified that he was unaware of any persecution of the army veterans who live in his own village, despite that village's status as a former red zone. He also stated that he is not afraid of the sergeants who beat him, because they all died in combat. Although Escalante stated that he fears the level of violence in Guatemala, nothing in the record establishes that if he were to return to Guatemala he would be targeted because of his identity as an indigenous veteran of the military. Concerns about general levels of societal violence do not establish persecution. *See Mendez-Cornado v. Holder*, 374 F. App'x. 601, 605 (6th Cir. 2010).

The petition for review is denied.